STATE OF MINNESOTA, *ex rel.* Matthew Connolly, *vs.* J. W. BROWN, Superintendent.

December 9, 1891.

**Commitment to Reform School, for Incorrigibility—Failure to Submit Testimony to District Judge.**— When it affirmatively appears, from an examination of the records and files, in a proceeding wherein an infant has been committed to the guardianship of the board of managers of the state reform school, on the charge of incorrigibility, that no part of the testimony of certain witnesses sworn and examined in said proceeding was reduced to writing, and, as a consequence, none of the testimony given by said witnesses was before or was examined by the district judge who approved the conviction and commitment, the infant is entitled to be released from the custody of said board on *habeas corpus*.

*Habeas Corpus.*

*Sawyer, Abbott & Sawyer,* for relator.

*Moses E. Clapp,* Attorney General, and *H. W. Childs,* for respondent.

COLLINS, J. This was a *habeas corpus* proceeding, the writ having been directed to J. W. Brown, superintendent of the state reform school, commanding him to produce the body of one Matthew Connolly, said to be restrained of his liberty at the school. From the return made to the writ it appeared that Connolly, then aged about 14, had been placed under the guardianship of the board of managers of the state reform school, in the month of June, 1891, by virtue of an order of commitment, the original being made a part of the return, issued out of and under the seal of the municipal court of the city of Waseca, a court having the same jurisdiction as a justice of the peace in such cases; that he had been charged with incorrigibility, and had been adjudged in said tribunal to be vicious and incorrigible. This commitment was issued June 21, 1891, and at the foot, or indorsed thereon, were these words, signed by the judge of the proper district court, under date of June 25, 1891: "I hereby approve the conviction of the within-named Matthew Connolly." Made a part of the petition of the relator herein, are transcripts from the files and

records of the municipal court, and a true and correct copy, it is averred, of the certificate made by said court when transmitting the record and papers to the district judge for his examination. These transcripts are of the complaint, the warrant with the officer's return, and the docket entries made in the proceeding. The certificate referred to is as to a comparison with the docket entries, and also "that the examination taken before me in said action, together with all the papers had before me therein, are attached and transmitted herewith, to wit, the complaint, the warrant, the evidence taken, and the docket entries, together with the commitment." It may be well to here remark that the "evidence taken," mentioned in the certificate, has not been produced before us by either party, and that it is distinctly alleged in the petition for the writ that the municipal judge did not reduce to writing all of the evidence received by him at the hearing, nor did he transmit all of that which was reduced to writing to the district judge, nor did the latter have for examination at any time all of said evidence, or any thereof; and this allegation has not been controverted in any manner, save as may have appeared in the exhibits and docket entries. From the latter it affirmatively appeared that the testimony of some of the witnesses introduced to sustain the charges made against young Connolly, and the testimony of all of the witnesses examined in his behalf, was reduced to writing. It further appeared that several other witnesses were sworn and examined in support of the charges, but it was not shown by any of the docket entries that any portion of their testimony was reduced to writing, nor did it appear in any other manner.

In view of the explicit statements in the docket that the testimony of certain witnesses, whose names were given, was reduced to writing, while as to other witnesses, nine in number, whose names were also given, the record was silent, and the fact that the certificate appended to the files and papers forwarded with the commitment itself to the district judge failed to state that all of the testimony had either been reduced to writing or was therewith transmitted, and the fact that the positive assertion found in the petition, before referred to, has not been refuted, except in part, and the further fact that no statement whatsoever in reference to this subject can be found in either

the commitment or the written approval of the conviction indorsed thereon, we are justified in the inference and assumption that none of the testimony of at least nine witnesses was reduced to writing, and as a consequence no part of their testimony was considered by the district judge when acting on the record. The statute which governed (Laws 1883, c. 37, § 2) is plain and comprehensive, and, when we reflect upon the opportunity for wrong and injustice in these cases, the reason why the law-makers have thrown safeguards about and attempted to protect infants charged with incorrigible and vicious habits, or with crime, is obvious. It is imperative that all of the evidence taken by the magistrate shall be reduced to writing, the name, age, and residence of each witness examined being given. This evidence shall be transmitted forthwith to the proper judge of the district court, whose duty it is to examine the evidence and approve or disapprove the conviction. No other consent or approval is necessary, and in all cases the charge of incorrigibility must be proved by at least two disinterested witnesses. It nowhere appears on the record or files in the original proceeding against Connolly that the statute was complied with. Upon the other hand, as before stated, it fairly appears that an absolutely essential requirement of the statute, one going to the foundation of the right of the magistrate to convict, and the right of the district judge to approve of the conviction, and thus commit the boy to the guardianship of the board of managers, and consequently to their jurisdiction over him, was not observed. On this affirmative showing Matthew Connolly is entitled to be released from the custody of said board, and judgment may be so entered.